IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:06cr0097 SWW |
| | * | |
| | * | |
| TINA Y. HAMPTON, | * | |
| | * | |
| Defendant. | * | |

ORDER

Defendant Tina Y. Hampton has been indicted for allegedly aiding, assisting, counseling, and advising the preparation and presentation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2). The following motions are before the Court: (1) motion of the defendant to compel the government to choose among duplicitous charges [doc.#15]; and (2) motion of the defendant to strike surplusage from the indictment [doc.#16]. The government has responded in opposition to both of these motions. Having considered the matter, the Court finds that both of these motions should be and hereby are denied.

I.

In her motion to compel, defendant argues the indictment, in addition to charging her with aiding, assisting, counseling, and advising the preparation and presentation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2), also charges her with willfully and intentionally committing fraud by inputting materially fraudulent amounts on the returns without the knowledge of her taxpayer clients. The defendant thus contends the indictment alleges two distinct and separate offenses: (1) aiding and abetting by conspiring in the preparation and

presentation of false and fraudulent income tax returns, and (2) willfully and intentionally filing fraudulent income tax returns without the knowledge of the taxpayers.

Duplicity is the joining in a single count of two or more distinct and separate offenses. *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995) (citation omitted). The principle vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. *Id*.

The statute with which defendant is charged, 26 U.S.C. § 7206(2), provides that any person who "[w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document" shall be guilty of a felony. The Court agrees with the government that the indictment properly alleges the elements of one crime – that set forth in 26 U.S.C. § 7206(2) – and that it does not allege a conspiracy or that the false deductions were placed on the returns without the knowledge of defendant's clients.

II.

In her motion to strike, defendant argues that the language at the end of the first paragraph on page two of the indictment is clearly surplusage, that language reading as follows: "During the time period relevant to this indictment, Defendant TINA Y. HAMPTON prepared approximately eighty (80) fraudulent returns in the above-described manner, resulting in a tax loss of more than $150,000." Defendant argues the inclusion of this language serves only to

inflame the jury, confuse the issues, and blur the elements necessary for conviction and is highly prejudicial, in that the indictment does not charge eighty counts of fraudulent claims, nor has the government offered any proof as part of its case in chief.

Fed.R.CrimP. 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." A motion to strike surplusage from an indictment should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter. *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005).

The Court finds that the sentence at issue is not unduly prejudicial and that it is relevant in that it states the scope of the crimes charged, as well as absence of mistake or accident. In addition, the Court agrees with the government that the defendant cannot conceal such conduct from the jury, or restrict the scope and extent of the government's allegations and proof, to support her argument that the 21 charged incidents with only 9 clients are incidental and most likely criminally unintentional. Moreover, such evidence is relevant for sentencing purposes.

III.

For the foregoing reasons, the Court denies the motion of the defendant to compel the government to choose among duplicitous charges [doc.#15], and denies the motion of the defendant to strike surplusage from the indictment [doc.#16].

IT IS SO ORDERED this 6th day of November, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE